UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 22-77 |
| RUDY JACKSON HERNANDEZ<br>HENNESSY DEVON COOPER | * | SECTION L |
| | * | |

**ORDER & REASONS**

Before the Court is the Government's motion to continue trial and pretrial conference. R. Doc. 202. Defendants Rudy Jackson Hernandez and Hennessy Devon Cooper oppose the motion. R. Doc. 206. The Government filed a reply to the opposition. R. Doc. 208. Having considered the briefings, the Court now rules as follows.

**I.     BACKGROUND**

The Government moves the Court to continue trial and pretrial conference currently set for March 11, 2024, and March 5, 2024, respectively. R. Doc. 202. It argues that maintaining the current trial date without two defendants who have absconded the country would waste judicial resources. R. Doc. 202-1 at 3. In opposition, defendants Hernandez and Cooper argue that their cases remarkably differ from that of the other two defendants who remain at-large. R. Doc. 206 at 4. Thus, they pray that the Court deny the Government's motion to continue.

**II.    LAW AND ANALYSIS**

Subsection (c)(1) of 18 U.S.C. § 3161 requires that a trial begin within seventy days of the date a defendant has first appeared before a judicial officer in the district in which such charge is pending. § 3161 further provides that delays resulting from a continuance granted by a judge shall be excluded from computing the time within which the trial of any such offense must begin if the "court sets forth . . . its reasons for finding that the ends of justice served by granting the

continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A) (cleaned up).

18 U.S.C. § 3161 outlines several factors that a judge shall consider in determining whether to grant a continuance. One factor that the Court finds instructive for the present matter is whether failure to grant a continuance would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

Here, the Government argues that there are currently two individuals, who are involved with the underlying matter and are presently not in the country. R. Doc. 202-1 at 2. Lindomar de La Rosa—like Hernandez and Cooper—has been charged in a superseding indictment with one count of conspiracy and four counts of attempt to bring aliens to the United States and to encourage and induce aliens to enter the United States for private financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), 1324(a)(2)(B)(ii), and 18 U.S.C. § 2. R. Doc. 155. Additionally, De La Rosa and Olvin Javier Velasquez-Maldanado—like Hernandez and Cooper—have been charged with one count of conspiracy to distribute and possess with intent to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. *Id.* The Government argues that De La Rosa is believed to be in the Dominican Republic and Velasquez-Maldanado to be in Honduras. R. Doc. 202-1 at 2-3. It further indicates that it has communicated with the Department of Justice's Office of International Affairs and the Office of the Resident Legal Advisor in Honduras about the extradition of De La Rosa and Velasquez-Maldanado from the Dominican Republic and Honduras, respectively. *Id.* at 3.

Accordingly, the Court finds that keeping the current trial date would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). All four individuals have been charged with conduct arising out of the same event. R. Doc. 155. Further, the essence of the charges against all of them boil down to conspiracy—with each other nonetheless—and charges against three of them

additionally include attempt. The Court finds that it would be a waste of judicial resources by forcing the parties to adhere to the current trial date with half of the defendants missing from the suit. Thus, to avoid any unfair outcomes, the Court finds that it is in the best interest of justice to continue trial and the pretrial conference pursuant to 18 U.S.C. § 3161. The Court stresses that barring unforeseen circumstances, this is the last continuance the Court will issue in this matter. Should either De La Rosa and Velasquez-Maldanado remain at-large at the time of trial, the Court will nevertheless proceed with trial against Cooper and Hernandez.

### III.   CONCLUSION

Accordingly, the Government's Motion, R. Doc. 202, is **GRANTED**. **IT IS HEREBY ORDERED** that the pretrial conference and trial in the above-caption matter, presently scheduled for March 5, 2024, and March 11, 2024, be **CONTINUED**. The pretrial conference is **RESET** to May 29, 2024, at 1:30 P.M. C.S.T. and trial is **RESET** to June 10, 2024, at 8:30 A.M. C.S.T.

New Orleans, Louisiana this 30th day of January, 2024.

_____
United States District Judge