UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 22-77 |
| RUDY LEON JACKSON HERNANDEZ<br>HENNESY DEVON COOPER ZELAYA | * | SECTION L |
| | * | |

**ORDER & REASONS**

Before the Court is the Government's *ex parte* motion for an *in camera* review of information. R. Doc. 262. Considering the briefing and applicable law, the Court rules as follows.

**I.     BACKGROUND**

This case arises out of an operation to smuggle illegal aliens and cocaine. The Government alleges that on February 14, 2022, the United States Coast Guard rescued the motor vessel Pop ("M/V Pop"), owned by co-conspirator Carl Allison, in distress and adrift in the Gulf of Mexico. R. Doc. 254 at 2. It further alleges that the M/V Pop departed Utila, Honduras approximately eight days earlier with the following onboard: co-conspirator Captain Darrell Martinez, Hennessey Devon Cooper Zelaya and Rudy Jackson Hernandez (collectively, the "Defendants"), another co-conspirator Lenord Cooper, 24 Honduran nationals, and approximately 24 kilograms of cocaine hidden inside.  The Defendants were crew members on this voyage. *Id.* The Government alleges approximately 20 of the 24 Hondurans paid up to $20,000 for the Defendants, Allison, Martinez, and other co-conspirators, to transport them from Honduras to the United States. *Id.* The Government further alleges that one Honduran, Olvin Javier Velasquez Maldonado, was on board to ensure the safe transport of the cocaine.  *Id.* at 3.

On October 6, 2023, a Grand Jury returned a six-count superseding indictment against Defendants Rudy Leon Jackson Hernandez and Hennesy Devon Cooper Zelaya with the following

charges. R. Doc. 155. In Count 1, the Defendants are charged with conspiracy to bring aliens into the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) and (a)(1)(B)(i). In Counts 2 to 5, the Defendants are charged with attempt to bring aliens to the United States for commercial advantage and private financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C.§ 2. Lastly, in Count 6, the Defendants are charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841 and 846. R. Doc. 254 at 2. On October 13, 2023, the Defendants plead not guilty to all counts and were released on bond. R. Docs. 163, 164. On May 17, 2024, a Grand Jury returned a second superseding indictment charging the Defendants with the same six counts, but correcting scrivener's errors and enlarging the temporal scope of the human smuggling conspiracy to include conduct occurring between March 2021 and February 2022. R. Doc. 230. On June 3, 2024, the Defendants were arraigned on the second superseding indictment. R. Docs. 257, 258. Trial in this matter is set to begin on June 24, 2024. R. Doc. 212.

## II.   PRESENT MOTION

In its motion, the Government requests that the Court review information on one of the USCG specialists *in camera* and find that it is not discoverable by the Defendants. R. Doc. 262. It provides that retired USCG Maritime Enforcement Specialist Oscar Maltez, who will serve as a witness in this case, previously received a Non-Judicial Punishment (NJP) due to his failure to obtain clearance for international travel fifteen years before the incident giving rise to this suit. *Id.* The Government explains that country clearance is required for all active duty-military and Department of Defense civilians before foreign travel. R. Doc. 262-1 at 2. On March 24, 2009, Mr. Maltez traveled to Colombia for seven days and did so without the requisite country clearance or command authorization to travel to Colombia. *Id.* The Government explains that Mr. Maltez

knew of the country clearance requirement and admitted to traveling to Colombia in written statements, without obtaining such clearance. *Id.* Accordingly, Mr. Maltez received the NJP that same year, which consisted of 30 days of restricted status. *Id.* at 2-3.

Regarding his involvement with the instant matter, the Government argues Mr. Maltez did not investigate the case but will testify to the conditions of the M/V Pop as he was one of the first USCG members to board the M/V Pop when it was rescued. *Id.* at 1-2. It argues that Mr. Maltez's testimony will only speak to the conditions of the vessel and that of the Honduran Nationals who were aboard. *Id.* As a result, the Government argues that Mr. Maltez's prior NJP should be barred from being discovered because it is not relevant, it is prohibited by the Federal Rules of Evidence, and may potentially confuse the jury. *Id.* at 3. Additionally, the Government argues that the NJP does not speak to Mr. Maltez's credibility or truthfulness as a witness because it does not show that Mr. Maltez was untruthful but rather that he "made a mistake, but it was not done to intentionally deceive the USCG." Thus, it requests that the NJP be barred from discovery. *Id.*

### III. APPLICABLE LAW AND ANALYSIS

The Government's request conflates discoverability and admissibility. Under Federal Rule of Criminal Procedure 16(d)(1), "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. Crim. P. R. 16(d)(1). The Government fails to provide "good cause" for why the information on Mr. Maltez' NJP is not discoverable. Though it makes general statements and references to the Federal Rules of Evidence, such arguments support why Mr. Maltez's NJP may not be admissible at trial rather than discoverable. Accordingly, the Government must disclose such information to the Defendants. The admissibility of Mr. Maltez' NJP is for the Court to resolve on another day after all parties have had an opportunity to brief the issue.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Government's motion, R. Doc. 262, is **DENIED**.

New Orleans, Louisiana, this 10th day of June, 2024.

_____
United States District Judge